UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Don Zimmerman, Michael Cargill, and Mario Jordan,**<br><br>*Plaintiffs,*<br>**vs.**<br><br>**Travis County Healthcare District,**<br><br>*Defendant.* | Cause No. 1:12-cv-00972<br><br>JURY<br><br>**Plaintiffs's Original Complaint, Request for Declaratory and Injunctive Relief, including Emergency Stay**<br><br>*Three-Judge District Court Panel Requested* |

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Don Zimmerman, Michael Cargill, and Mario Jordan now file this cause of action against Defendant, Travis County Healthcare District ("District") as follows.

### A. Parties/Jurisdiction/Venue

1.  Plaintiffs Don Zimmerman, Michael Cargill, and Mario Jordan (hereafter referred to collectively as "Plaintiffs"), are residents and registered voters in the State of Texas. Plaintiffs are residents of Travis County, Texas. They are over 18 years of age, licensed voters, and have capacity to bring this action. Plaintiffs also have standing to bring this action to enforce Section 5 of the Voting Rights Act pursuant to 28 C.F.R. 51.63 and *Allen v. Board of Elections*, 393 U.S. 544 (1969).

2.  Defendant, Travis County Healthcare District, is a political subdivision and taxing entity formed under the laws of the State of Texas, and is subject to the

jurisdiction of this Court. It's place of business is 2028 East Ben White Blvd, Ste. 400, Austin, 78741 and may be served with process at that address by serving its President and Chief Executive Officer, Ms. Patricia Young Brown.

3.   This action is brought to enforce Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c ("Section 5"), and to protect the due process voting rights of Plaintiffs under 42 U.S.C. § 1983. Plaintiffs seek declaratory and injunctive relief.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1973c, 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.  In accordance with the provisions of 42 U.S.C. §1973c and 28 U.S.C. §1343(a)(4), the Section 5 claim must be heard and determined by a court of three judges. Injunctive relief for the due process claim is made under Plaintiff's action for injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

4.   All events relevant to this action occurred within the Western District of Texas. Venue in this action is, therefore, appropriate in the Western District of Texas at Austin, pursuant to 28 U.S.C. §1391.

### B.  Allegations Common to All Counts

5.   On Wednesday, August 15, the District's Board voted at a regularly scheduled meeting to include an election for a "five-cent property tax increase on the upcoming November ballot." *See* Exhibit 1 ("Board of Managers Votes to Hold Tax Election"), also available at  http://centralhealth.net/8-16_-_board_votes_to_hold_tax_election.html [last accessed October 19, 2012].

6.   Under Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c ("Section 5") and 28 C.F.R. §51.27, the State of Texas is required to seek approval from the U.S. Department of Justice ("DOJ") for all changes to its election procedures

7.      Section 281.124 of the Texas Health and Safety Code provides the express language for a tax rate increase in excess of the rollback tax rate. It limits the language on the ballot to these express words:

> Approving the ad valorem tax rate of $ (insert total proposed tax rate) per $100 valuation in (insert district name) for the (insert current tax year) tax year, a rate that exceeds the district's rollback tax rate. The proposed ad valorem tax rate exceeds the ad valorem tax rate most recently adopted by the district by $ (insert difference between proposed and preceding year's tax rates) per $100 valuation

8.      The Board was bound to provide that language to voters. This language provided a ballot proposal of 61 words (as verified through the WordCount feature on MS Word 2011). This language has been expressly approved by the State of Texas, subsequently precleared by the United States Attorney General, and cannot be changed without preclearance.

9.      Contrary to the express legislative language provided, the District has engaged in unlawful advocacy, going over double the word length of the proposed language, a total of 128 words (as verified through the WordCount feature on MS Word 2011). The proposed paragraph for the ballot is as follows (added language in bold):

> Approving the ad valorem tax rate of $0.129 per $100 valuation in Central Health, also known as the Travis County Healthcare District, for the 2013 tax year, a rate that exceeds the district's rollback tax rate. The proposed ad valorem tax rate exceeds the ad valorem tax rate most recently adopted by the district by $0.05 per $100 valuation; **funds will be used for improved healthcare in Travis County, including support for a new medical school consistent with the mission of Central Health, a site for a new teaching hospital, trauma services, specialty medicine such as cancer care, community-wide health clinics, training for physicians, nurses and other healthcare professionals, primary care, behavioral and mental healthcare, prevention and wellness programs, and/or to obtain federal matching funds for healthcare services.**

10.     The description has not been, as required by statute, limited to the statutory prelanguage, but expanded far beyond what is permitted, to promote the ballot

proposition. This is a violation of the Voting Rights Act as such changes require preclearance.

### C.  Violation of Voting Rights Act

11.   All previous paragraphs are reincorporated here by reference.

12.   For the purposes of analysis under Section 5 of the Voting Rights Act, the language in Texas Health and Safety Code Section 281.124 is the current benchmark ("Benchmark") for Section 5 purposes.

13.   The Boards actions effectuate substantive and significant changes in and to Texas' long-standing procedures and practices regarding Section 281.124, and to the Benchmark.  Because the decision imposes procedures and requirements different from the Benchmark, the District's language on the ballot is required to be preapproved by the Department of Justice or a federal district court in the District of Columbia under the Voting Rights Act of 1965 before implementation.  To Plaintiffs' knowledge and belief, the District has not obtained, preclearance approval for the language from the DOJ under the Voting Rights Act of 1965 or a federal court. By not obtaining preclearance by the Attorney General of the United States, the District has violated Section 5 of the Voting Rights Act. The language change amounts to advocacy of the viewpoint of those in favor of the ballot proposal to sway the voters.

14.   Section 5 of the Voting Rights Act requires that any "voting qualification or prerequisite to voting, standard, practice, or procedure with respect to voting" different from that in force or effect in the State of Texas on November 1, 1964, may not be lawfully implemented unless the State obtains a declaratory judgment from the United States District Court for the District of Columbia that the voting change does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or in contravention of the guarantees set forth in section

1973b(f)(2) (discrimination against language minorities), except that such change may be implemented without such, if it has been submitted to the Attorney General and the Attorney General has not interposed an objection within sixty days. 42 U.S.C. §1973c. Any retrogressive effect whatsoever is enough to interpose an objection, including any retrogressive effect on language minorities. If the Department of Justice were to grant preclearance to the District's new rules and procedures within a mere twenty-four (24) hour period of time, it would fail to give full and fair consideration to the retrogressive effect of the changes effectuated by the ballot language on language minorities in Texas covered under relevant provisions of the Voting Rights Act.

15. The Board's failure to obtain preclearance of the voting changes described above, as required by Section 5, renders the changes legally unenforceable. 42 US.C. §1973c; 28 C.F.R. §51.4.

16. Unless enjoined by this Court, the District will continue to enforce the aforementioned voting changes without obtaining the requisite preclearance in violation of Section 5 of the Voting Rights Act.

17. This Court should issue a Temporary Restraining Order pursuant to 28 U.S.C. §2284(b)(3) and Rule 65 of the Federal Rules of Civil Procedure to prevent irreparable harm to the voting rights protected by Section 5 of the Voting Rights Act.

18. This Court should issue both preliminary and permanent injunctions to restrain and enjoin the District from proceeding with an election until such time as they have either been approved by the Attorney General of the United States or been the subject of a declaratory judgment from the United States District Court for the District of Columbia. Because the language change was not been precleared, Plaintiff is entitled to a Temporary Restraining Order and Preliminary Injunction prohibiting the implementation and use of the unprecleared change in language for this election.

Plaintiff is further entitled to have this Court, acting as a single judge, to establish a remedy for the unprecleared use of the language.  28 U.S.C. § 2284(b)(3). Irreparable harm will result if such restraining order and injunction is not implemented.

19. Plaintiff requests that, pursuant to 28 U.S.C. § 2284 and 42 U.S.C § 1973c, a three-judge court be convened to hear this cause.

### D.  Violation of Due Process

20. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

21. The District has engaged in advocacy on the ballot proposition beyond the express statutory language given in the Texas Health and Safety Code. By adding the extra advocacy language, without a fair and neutral opportunity for an opposing viewpoint regarding the proposition, the Board's actions are a violation of the voting rights of Plaintiffs and have denied them due process.

### E.  Action for Declaratory and Injunctive Relief

22. Plaintiffs seek a declaration of their rights pursuant to 28 U.S.C. §§ 2201 & 2202. Specifically, they pray for entry of an order that the Board may not deviate from the statutory language and engage in advocacy on the actual ballot.

23. Plaintiffs seek further injunctive relief requiring that the proposition language be declared unconstitutional and the ballot for Proposition 1 be declared unenforceable as written.

### Prayer

Based on the facts alleged, the statutes referenced, and the attached exhibits, Plaintiff Zimmerman prays this Court grant and issue the following relief

1. Issue declaratory relief that the departure from the language expressly provided by statute requires preclearance from the United States Attorney General;

2. Issue a temporary restraining order, preliminary and permanent injunction against Defendant from deviating from the express statutory language;

3. Award reasonable costs and attorneys' fees, incurred as a consequence of Plaintiff's efforts to safeguard his federal rights, pursuant to 42 U.S.C. § 1973 (voting rights) and 42 U.S.C. § 1988 (civil rights).

4. Issue any other relief this Court in its discretion deems just and appropriate.

Respectfully submitted,

CASEY LAW OFFICE, P.C.

　　/s/ Stephen Casey

Stephen Casey
TX Bar No. 24065015

600 Round Rock West Drive
Suite 602
Round Rock, TX 78681
(512) 257-1324
(512) 853-4098 (fax)