UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Don Zimmerman, Michael Cargill, Mario Jordan, and Travis County Taxpayers Union SPAC,**<br><br>*Plaintiffs,*<br>**vs.**<br><br>**Travis County Healthcare District,**<br><br>*Defendant.* | Cause No. 1:12-cv-00972-LY<br><br>JURY<br><br>Plaintiffs' Second Amended Complaint, and Request for Declaratory and Injunctive Relief |

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Don Zimmerman, Michael Cargill, Mario Jordan, and Travis County Taxpayers Union SPAC now file this cause of action against Defendant, Travis County Healthcare District ("District") as follows.

### A. Parties/Jurisdiction/Venue

1. Plaintiffs Don Zimmerman, Michael Cargill, and Mario Jordan (along with the political action committee plaintiff, identified *infra*, referred to collectively as "Plaintiffs"), are residents and registered voters in the State of Texas. Plaintiffs are residents of Travis County, Texas. They are over 18 years of age, licensed voters, and have capacity to bring this action. Plaintiffs have standing to bring this action to enforce Section 2 of the Voting Rights Act, 42 U.S.C. 1973, and as citizens in the State of Texas regarding the denial of due process under Section 19 of the Texas Bill of Rights as well as violations of Texas statutory law.

2.     Plaintiff Travis County Taxpayers Union Special Political Action Committee ("TCTU") is a political action committee formed under the laws of the State of Texas and registered with the Travis County Elections Office. Its treasurer is Don Zimmerman, and its mailing address is 13492 Research Blvd, #120-141, Austin, TX 78750. It has standing to challenge Proposition 1 as it was formed specifically to oppose Proposition 1 and has a specific, particularized interest in the outcome of the ballot proposition. *See Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999); *Brown v. Todd*, 53 S.W.3d 297, 305-06 (Tex. 2001).

3.     Defendant, Travis County Healthcare District, is a political subdivision and taxing entity formed under the laws of the State of Texas, and is subject to the jurisdiction of this Court. Its place of business is 2028 East Ben White Blvd, Ste. 400, Austin, 78741 and may be served with process at that address by serving its President and Chief Executive Officer, Ms. Patricia Young Brown. It is responsible for making sure that its actions under the ballot proposal for Proposition 1 comply with the laws and constitutions of the State of Texas and the United States, which include Section 281.142 of the Texas Health and Safety Code, Section 2 of the Voting Rights act, 42 U.S.C. 1973, and due process protections under both state and federal constitutions.

4.     This action is brought to enforce Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973 ("Section 2"), to protect the due process voting rights of Plaintiffs under the Texas and federal constitutions, and to enforce related state claims under both Section 281 of the Texas Health and Safety Code and Section 52 of the Texas Election Code. Plaintiffs seek declaratory and injunctive relief.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1973, 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.  Injunctive relief for the due process claim is made under Plaintiff's action for injunctive relief is authorized pursuant to 28 U.S.C.

§§ 2201 and 2202. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. 1367 as they are so related to the claims over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5.	All events relevant to this action occurred within the Western District of Texas. Venue in this action is, therefore, appropriate in the Western District of Texas at Austin, pursuant to 28 U.S.C. §1391.

### B.  Allegations Common to All Counts

6.	On Wednesday, August 15, the District's Board voted at a regularly scheduled meeting to include an election for a "five-cent property tax increase on the upcoming November ballot." *See* Exhibit 1 ("Board of Managers Votes to Hold Tax Election"), also available at http://centralhealth.net/8-16_-_board_votes_to_hold_tax_election.html [last accessed October 19, 2012].

7.	Section 281.124 of the Texas Health and Safety Code provides the express language for a tax rate increase in excess of the rollback tax rate. It limits the language on the ballot to these express words:

> Approving the ad valorem tax rate of $ (insert total proposed tax rate) per $100 valuation in (insert district name) for the (insert current tax year) tax year, a rate that exceeds the district's rollback tax rate.  The proposed ad valorem tax rate exceeds the ad valorem tax rate most recently adopted by the district by $ (insert difference between proposed and preceding year's tax rates) per $100 valuation

8.	The Board was bound to provide that language to voters. This language provided a ballot proposal of 61 words (as verified through the WordCount feature on MS Word 2011). This statutory language has been expressly approved by the people of Texas through the legislature of the State of Texas, subsequently approved by the United States Attorney General, and is the prescribed ballot language.

9. Contrary to the express legislative language provided, the District has engaged in unlawful embellishment and promotional advocacy, going over double the word length of the proposed language, a total of 128 words (as verified through the WordCount feature on MS Word 2011). The proposed paragraph for the ballot is as follows (added language in bold):

> Approving the ad valorem tax rate of $0.129 per $100 valuation in Central Health, also known as the Travis County Healthcare District, for the 2013 tax year, a rate that exceeds the district's rollback tax rate. The proposed ad valorem tax rate exceeds the ad valorem tax rate most recently adopted by the district by $0.05 per $100 valuation; **funds will be used for improved healthcare in Travis County, including support for a new medical school consistent with the mission of Central Health, a site for a new teaching hospital, trauma services, specialty medicine such as cancer care, community-wide health clinics, training for physicians, nurses and other healthcare professionals, primary care, behavioral and mental healthcare, prevention and wellness programs, and/or to obtain federal matching funds for healthcare services.**

10. The description has not been, as required by statute, limited to the statutory language, but expanded far beyond what is permitted, to promote the ballot proposition. This is a violation of the Voting Rights Act as such change will tend to have a discriminatory effect on minority voters based on historical date such as reading comprehension.

11. Plaintiffs oppose the proposition; however, the language used denies them due process under the Texas and federal constitutions as they were unable to put contrary advocacy language on the ballot.

12. The ballot measure language itself promises functions of the proposition that are, as a matter of fact, not permitted by law. Section 281 of the Texas Health and Safety Code ("Section 281") specifically identifies what the District is permitted to do, which is, "A county with at least 190,000 inhabitants that does not own or operate a hospital system for indigent or needy persons may create a countywide hospital district and

provide for the establishment of a hospital or hospital system to furnish medical aid and hospital care to indigent and needy persons residing in the district." *See* TEX. HEALTH & SAFETY CODE § 281.002. At no point within this description is there broad permission, as deceptively indicated by the ballot provisions, of "including support for a new medical school consistent with the mission of Central Health, a site for a new teaching hospital, trauma services, specialty medicine such as cancer care, community-wide health clinics, training for physicians, nurses and other healthcare professionals, primary care, behavioral and mental healthcare, prevention and wellness programs, and/or to obtain federal matching funds for healthcare services."

13. The statute further dictates what the ballot language must be, but the ballot language contains additional, unnecessary and promotional, language, because the ballot language within the statute is bounded by quotation marks. Under Texas law, propositions for tax increases "shall" be prepared with the quoted—and only the quoted—language.

14. In doing so the ballot proposal is misleading, uses language that is unapproved by the Texas legislature, uses language that requires a higher level of reading comprehension which can be confusing to voters with lower reading skills, and has the potential to harm minority voters.

### C. Violation of Voting Rights Act

15. All previous paragraphs are reincorporated here by reference.

16. For the purposes of analysis under Section 2 of the Voting Rights Act, the language in Texas Health and Safety Code Section 281.124 is the language of the statute which should appear on the ballot without any other embellishments, promotion, or advocacy by the District.

17. The Boards actions effectuate substantive and significant changes in and to Texas' long-standing procedures and practices regarding Section 281.124. These actions present an opportunity for denial of voting rights by a discriminatory result based upon the "totality of the circumstances" test, within Section 2 of the Voting Rights Act, upon voters with a less reading comprehension, and particularly among minority voters.

18. Unless enjoined from counting the ballots by this Court, the District will continue to enforce, post-election, this discriminatory wording change in violation of Section 2.

19. This Court should issue both preliminary and permanent injunctions to restrain and enjoin the District from proceeding with counting the ballots from Proposition 1 until a decision has been made on the merits in this case.

### D. Violation of Due Course of Law of Texas Constitution

20. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

21. Section 19 of Article 1 of the Texas Constitution states that, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

22. By privileging itself to put in advocacy and promotion language on the ballot, the District has deprived citizens of the due course of law in opposing the promotional advocacy language added above and beyond what was provided in Section 281. This is a violation of the due course of law provisions in the Texas Constitution.

### E. Violation of Texas Election Code

23. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

24. Texas Election Code Section 52.072 provides that under a proposition for tax increase, as opposed to a bond proposition, that the language is purely the

informational language of the amount of the increase. *See* TEX. ELEC. CODE § 52.072(e)(2). Comparatively, for a bond increase, which this is not, the purpose of the bond may be put in there. 52.072(e)(1)(B). As the legislature wholly left out that provision for tax increases, the District may not add it and thus has violated the provisions for what may be on the ballot. The language of what is to appear on the ballot is prescriptive in the highest order and puts a duty on the District, as indicated by the phrase "shall specifically state . . . ." *See* TEX. GOV'T CODE 311.016(2) (known as the "Code Construction Act," which identifies that "shall" imposes a duty within a statute.).

25. The District's use of other embellishing, promotional advocacy language, directly stating that the proposition can pay for things that by law the District cannot expressly "mislead" the voters, a longstanding prohibition in Texas elections case law. *See Reynolds Land & Cattle Co. v. McCabe*, 12 S.W. 165, 165 (1888); *accord*, *Blum v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999).

### F. Violation of Procedural Due Process of U.S. Constitution

26. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

27. The District has engaged in embellishment and promotional advocacy on the ballot proposition beyond the express statutory language given in the Texas Health and Safety Code. By adding the extra advocacy language, without a fair and neutral opportunity for an opposing viewpoint to be included on the ballot regarding the proposition, the Board's actions are a violation of the civil rights of Plaintiffs and have denied them procedural due process under the 14th Amendment to the United States Constitution.

### G. Action for Declaratory and Injunctive Relief

28.     Plaintiffs seek a declaration of their rights pursuant to 28 U.S.C. §§ 2201 & 2202. Specifically, they pray for entry of an order that the Board may not deviate from the statutory language and engage in advocacy on the actual ballot.

29.     Plaintiffs seek further injunctive relief requiring that the proposition language be declared unconstitutional and the ballot for Proposition 1 be declared unenforceable as written.

## Prayer

Based on the facts alleged, the statutes referenced, and the attached exhibits, Plaintiffs pray this Court grant and issue the following relief:

1. Issue declaratory relief that the departure from the language expressly violates their rights under Texas and federal statutory and constitutional protections;

2. Issue a preliminary and permanent injunction against Defendant from deviating from the express statutory language;

3. Award reasonable costs and attorneys' fees, incurred as a consequence of Plaintiffs' efforts to safeguard their federal rights, pursuant to 42 U.S.C. § 1973 (voting rights) and 42 U.S.C. § 1988 (civil rights).

4. Issue any other relief this Court in its discretion deems just and appropriate.

Respectfully submitted,

CASEY LAW OFFICE, P.C.

   /s/ Stephen Casey

Stephen Casey
TX Bar No. 24065015

600 Round Rock West Drive

Suite 602  
Round Rock, TX 78681  
(512) 257-1324  
(512) 853-4098 (fax)