UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Don Zimmerman, Michael Cargill, Mario Jordan, and Travis County Taxpayers Union SPAC,<br><br>  *Plaintiffs,*<br><br>vs.<br><br>Travis County Healthcare District,<br><br>  *Defendant.* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:12-cv-00972-LY<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ORIGINAL ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

  Subject to its pending Motion to Dismiss, Defendant Travis County Healthcare District ("the District") files this Original Answer to Plaintiffs' Second Amended Complaint and would respectfully show the Court as follows:

**I.  Original Answer to Plaintiffs' Second Amended Complaint**

    **A.  Parties/Jurisdiction/Venue**

  1.  The District lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 1 that Plaintiffs are residents of Travis County, over 18 years of age, and have capacity to bring this action, and therefore denies those allegations. The District admits that Plaintiffs Zimmerman, Cargill, and Jordan are registered voters in Travis County. The District denies the remaining allegations in paragraph 1.

  2.  The District denies the allegations in paragraph 2 that Plaintiff Travis County Taxpayers Union Special Political Action Committee is a political action committee formed under the laws of the State of Texas and registered with the Travis County Elections Office, and

that Don Zimmerman is its treasurer. The District lacks sufficient knowledge to form a belief as to whether Plaintiffs have correctly stated its mailing address. The District denies the remaining allegations in paragraph 2.

3. The District admits the allegations in paragraph 3 that it is a political subdivision and taxing entity formed under the laws of the State of Texas, and that it is subject to the personal jurisdiction of this Court. The District denies that Plaintiffs have correctly identified its place of business. The District admits that it may be served with process by serving its President and Chief Executive Office Patricia Young Brown, but denies that it may be served at that address. The District can neither admit nor deny the remainder of paragraph 3 due to its vague and confusing language and reference to a nonexistent statute, and so denies same.

4. The District admits the allegations in paragraph 4 that Plaintiffs have filed suit alleging claims under federal and state law and seek injunctive and declaratory relief. The District denies that this Court has subject matter jurisdiction or supplemental jurisdiction because Plaintiffs have failed to state a federal claim on which relief may be granted. The District denies all other allegations in paragraph 4.

5. The District admits the allegations in paragraph 5 that venue is proper in the Western District of Texas.

**B.     Allegations Common to All Counts**

6. The District admits the allegations in paragraph 6.

7. The District admits the allegation in paragraph 7 that Texas Health & Safety Code § 281.124 provides ballot language for a tax rate increase in excess of the rollback tax rate in that it states: "At the election, the ballot shall be prepared to permit voting for or against the following proposition: . . . ." The District denies the remaining allegations in paragraph 7.

8. The District denies the allegations in paragraph 8.

9. The District admits that Plaintiffs have correctly restated the ballot language for Proposition 1. The District denies the remaining allegations in paragraph 9.

10. The District denies the allegations in paragraph 10.

11. The District admits that Plaintiffs oppose the proposition, but denies the remaining allegations of paragraph 11.

12. The District admits that Plaintiffs have accurately quoted a portion of the language of Section 281.002 of the TEX. HEALTH & SAFETY CODE, but denies the allegations in paragraph 12.

13. The District denies the allegations in paragraph 13.

14. The District denies the allegations in paragraph 14.

### C. Violation of Voting Rights Act

15. No response is required to paragraph 15.

16. The District denies the allegations in paragraph 16.

17. The District denies the allegations in paragraph 17.

18. The District denies the allegations in paragraph 18.

19. The District denies the allegations in paragraph 19.

### D. Violation of Due Course of Law of Texas Constitution

20. No response is required to paragraph 20.

21. The District admits that Plaintiffs have correctly quoted Article 1, Section 19 of the Texas Constitution in paragraph 21.

22. The District denies the allegations in paragraph 22.

### E. Violation of Texas Election Code

23. No response is required to paragraph 23.

24. The District denies the allegations in paragraph 24.

25. The District denies the allegations in paragraph 25.

### F. Violation of Procedural Due Process of U.S. Constitution

26. No response is required to paragraph 26.

27. The District denies the allegations in paragraph 27.

### G. Action for Declaratory and Injunctive Relief

28. The District admits that Plaintiffs are seeking declaratory relief, but denies that Plaintiffs are entitled to the relief requested in paragraph 28.

29. The District admits that Plaintiffs are seeking injunctive relief, but denies that Plaintiffs are entitled to the relief requested in paragraph 29.

### Prayer

The District denies that Plaintiffs are entitled to the relief requested in their Prayer.

## II. Immunity

To the extent authorized by law, the District asserts its immunity from suit under the 11th Amendment to the United States Constitution and all other applicable immunity doctrines.

## III. Attorney's Fees

Under 42 U.S.C. § 1973*l*(e) and 42 U.S.C. § 1988, a prevailing party is entitled to an award of its reasonable costs and attorney's fees. The District requests an award of its costs and attorney's fees pursuant to these statutes.

## IV. Conclusion & Prayer

The District requests that this Court deny Plaintiffs' requested relief, dismiss their claims, and award the District its reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1973*l*(e) and 42 U.S.C. § 1988. The District also requests all other relief to which it may be entitled.

Respectfully submitted,

**THOMPSON & KNIGHT LLP**


By:   */s/ James E. Cousar*
      James E. Cousar
      State Bar No. 04898700
      james.cousar@tklaw.com

      Danley Cornyn
      State Bar No. 24069535
      danley.cornyn@tklaw.com

Thompson & Knight, LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701-4238
(512) 469-6100 (Phone)
(512) 469-6180 (Fax)

DAVID ESCAMILLA
County Attorney, Travis County
P.O. Box 1748
Austin, Texas 78767
Telephone:  (512) 854-9513
Facsimile:  (512) 854-4808

      Sherine E. Thomas
      Assistant County Attorney
      State Bar No. 00794734

      Elaine A. Casas
      Assistant County Attorney
      State Bar No. 0785750

      Jennifer Kraber
      Assistant County Attorney
      State Bar No. 24027426

ATTORNEYS FOR DEFENDANT
TRAVIS COUNTY HEALTHCARE DISTRICT

**CERTIFICATE OF SERVICE**

  I certify that on this the 13th day of November 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Western District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record.

                 */s/ James E. Cousar*
                 James E. Cousar

519452 000003 5491364.1